# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DORI GARDINER

**(b)** County of Residence of First Listed Plaintiff: **GLOUCESTER**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - The Gold Law Firm, P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

### DEFENDANTS
BALLARD SPAHR, LLP

County of Residence of First Listed Defendant: **PHILADELPHIA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [X] 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA, FMLA

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/29/2024
SIGNATURE OF ATTORNEY OF RECORD: /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ____23 Villa Avenue, Pitman, New Jersey 08071____

Address of Defendant: ____1735 Market Street, 51st Floor, Philadelphia, Pennsylvania 19103____

Place of Accident, Incident or Transaction: ____1735 Market Street, 51st Floor, Philadelphia, Pennsylvania 19103____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/29/2024      /s/ Sidney L. Gold, Esquire      21374
       *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ____SIDNEY L. GOLD, ESQUIRE____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: 05/29/2024      /s/ Sidney L. Gold, Esquire      21374
       *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DORI GARDINER | : | CIVIL ACTION |
| v. | : | |
| BALLARD SPAHR LLP | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.         ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.         ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (☑)

| 05/29/2024 | /s/ Sidney L. Gold, Esquire | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)    Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)    Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DORI GARDINER, | : |
| *Plaintiff,* | : |
| v. | : CIVIL ACTION NO. _____ |
| BALLARD SPAHR LLP, | : |
| *Defendant.* | : |

**COMPLAINT AND JURY DEMAND**

I.  **PRELIMINARY STATEMENT**:

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Dori Gardiner ("Plaintiff Gardiner"), a former employee of the Defendant, Ballard Spahr LLP ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2. This action is brought under the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA").

II.  **JURISDICTION AND VENUE**:

3. The jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Gardiner's claims are substantively based on the ADA and FMLA.

4. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Gardiner has satisfied all other jurisdictional prerequisites to the maintenance of this action. On March 11, 2024, a Notice of Right to Sue was issued by the Equal Employment

1

Opportunity Commission and this action has been filed within ninety (90) days of receipt of said notice.

### III.   PARTIES:

5.   Plaintiff, Dori Gardiner ("Plaintiff Gardiner"), is an adult individual and citizen of the State of New Jersey, residing therein at 23 Villa Avenue, Pitman, New Jersey 08071.

6.   Defendant, Ballard Spahr LLP ("Defendant"), is a limited liability partnership duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located therein at 1735 Market Street, 51st Floor, Philadelphia, Pennsylvania 19103.

7.   At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

8.   At all times material herein, the Defendant has been a "person" and "employer" as defined by the ADA and FMLA, and has been, and is, subject to the provisions of each said Act.

9.   During the relevant time frame, Plaintiff Gardiner was an "eligible employee" as defined by the FMLA, and was entitled to the protections of said Act.

### IV.   STATEMENT OF FACTS:

10.   Plaintiff Gardiner was employed by the Defendant from on or about October 26, 2020 until on or about September 28, 2022, the date of her termination.

11.   During the course of her employment with the Defendant, Plaintiff Gardiner held the position of Legal Administrative Assistant, and at all times maintained a satisfactory job performance in said role.

12. Throughout her employment with Defendant, Plaintiff Gardiner provided administrative support to Bill Rhodes ("Rhodes"), Partner, Valarie Allen ("Allen"), Partner, Steve Park ("Park"), Partner, David Fernandez ("Fernandez"), Partner, David Atlas ("Atlas"), Associate, and Joann Cody ("Cody"), Director of Practice Management. Plaintiff Gardiner also supported Defendant's Finance Department as a member of the Joint 49 Team.

13. By way of background, on or about January 30, 2022, Plaintiff Gardiner's husband was diagnosed with Metastatic Prostate Cancer. Said medical condition constitutes a disability within the meanings of the Americans with Disabilities Act ("ADA") in that it substantially impairs one or more major life activities, including, but not limited to, normal cellular growth.

14. Thereafter, Plaintiff Gardiner's husband's treating physician recommended that he undergo radiation therapy, chemotherapy, and hormone therapy injections as treatment for his disability. His physician also suggested that Plaintiff Gardiner utilize leave under the Family and Medical Leave Act ("FMLA") to provide care to her husband during treatment.

15. On or about February 28, 2022, Defendant's support staff returned to work on a hybrid basis consisting of three days per week of in-office work and two days per week of remote work.

16. On or about March 1, 2022, Plaintiff Gardiner disclosed her husband's disability to Rhodes, Allen, Park, Fernandez, Atlas, Cody, Joanne Valentine ("Valentine"), Office Administrator, and John DiBattista ("DiBattista"), Chief Human Resources Officer, and requested to continue to work remotely during her husband's treatment. Defendant approved said request.

17. Thereafter, on or about March 25, 2022, Plaintiff Gardiner provided completed FMLA documentation to Jacqueline Lamson ("Lamson"), Human Resources Assistant, seeking intermittent leave to provide care to her husband. Defendant approved Plaintiff Gardiner's request for intermittent leave.

18. On or about April 25, 2022, Plaintiff Gardiner received a call from Valentine regarding her ability to return to in-office work. Plaintiff Gardiner provided Valentine with an update on her husband's condition and advised that she could return to a hybrid work schedule on May 2, 2022.

19. On or about May 2, 2022, Plaintiff Gardiner returned to in-office work, with a schedule of Monday, Tuesday, and Wednesday in-office and Thursday and Friday remote. While Plaintiff Gardiner received support from Rhodes upon her return, Allen barely spoke to her without explanation. Allen's conduct was so obvious that Plaintiff Gardiner sought out Allen's prior assistant, Laura Cavacini ("Cavacini"), to ask for advice on how to better communicate with Allen.

20. Over the course of the following months, Plaintiff Gardiner occasionally used paid time off ("PTO") to take her husband to appointments with his physician. Plaintiff Gardiner always requested permission from Valentine to use PTO and kept Valentine, Rhodes, Allen, Park, Fernandez, Atlas, and Cody apprised of her husband's condition.

21. On or about July 11, 2022, Plaintiff Gardiner received a favorable performance evaluation from Stephanie Lewis ("Lewis"), Team Supervisor, and earned a 7.5% salary increase.

22. In or about August and September of 2022, Plaintiff Gardiner's husband began experiencing severe pain. On or about September 16, 2022, Plaintiff Gardiner's husband underwent a PET scan, which revealed that the cancer had spread throughout his body.

23. Thereafter, Plaintiff Gardiner informed Lewis and Cavacini of her husband's condition. Plaintiff Gardiner also asked that those for whom she provided support be patient with her, as she was under a great deal of stress and emotional upset given her husband's diagnosis.

24. On or about September 27, 2022, Valentine summoned Plaintiff Gardiner to a meeting, during which Valentine asked Plaintiff Gardiner to bring her up to date on her husband's condition. After Plaintiff Gardiner explained the situation, Valentine informed Plaintiff Gardiner that the Partners felt that she was making too many mistakes and taking too much time off from work for her husband's illness. Valentine further informed Plaintiff Gardiner that the Partners wanted her "fired immediately." Plaintiff Gardiner asked if she could be transferred to a different department, or placed in a lesser position, as she was aware of several open LSA positions within the department that she was qualified to fill. In response, Valentine responded that she did not believe so, as attorneys "talk," but that she would ask.

25. The following day, on or about September 28, 2022, Plaintiff Gardiner received an email from Valentine requesting to meet again. During said meeting, Valentine informed Plaintiff Gardiner that she could not transfer to a different department, and that Defendant was terminating her employment.

26. Significantly, at no time prior to September 27, 2022 was Plaintiff Gardiner ever advised of any dissatisfaction with her performance or her need to provide care for her husband. Moreover, Plaintiff Gardiner was still approved to take intermittent leave under the FMLA at the time of her termination.

27. Approximately nine months after Plaintiff Gardiner's termination, Plaintiff Gardiner's husband passed away from his illness.

28. Plaintiff Gardiner believes and avers that no legitimate business reason existed for the termination of her employment and that the Defendant actually terminated her employment based on her association with her disabled husband and/or in retaliation for utilizing leave under the FMLA.

## COUNT I
### (ADA – Associational Disability Discrimination)
### Plaintiff Gardiner v. Defendant

29. Plaintiff Gardiner incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth at length herein.

30. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Gardiner to discrimination on the basis of her association with her disabled husband, constituted violations of the ADA.

31. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Gardiner sustained permanent and irreparable harm, resulting in the termination of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

32. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff Gardiner suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (FMLA – Interference and Retaliation)
### Plaintiff Gardiner v. Defendant

33. Plaintiff Gardiner incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth at length herein.

34. The actions of the Defendant, through its agents, servants and employees, in interfering with and/or restraining Plaintiff Gardiner's ability to exercise her rights under the FMLA, and in retaliating against her for exercising her rights under the FMLA, ultimately resulting in the termination of her employment, constituted violations of the FMLA.

35. The aforesaid actions of the Defendant were willful, malicious, wanton, in bad faith, and in reckless disregard of Plaintiff Gardiner's rights.

36. As a direct result of the willful, malicious, wanton, reckless, and negligent acts of the Defendant, as aforesaid, Plaintiff Gardiner has suffered a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## PRAYER FOR RELIEF

37. Plaintiff Gardiner incorporates by reference paragraphs 1 through 36 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Gardiner requests that this Court enter judgment in her favor and against the Defendant, and order that:

a. Defendant compensate Plaintiff Gardiner with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b. Defendant compensate Plaintiff Gardiner with an award of front pay, if appropriate;

c. Defendant pay to Plaintiff Gardiner punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d. Defendant pay to Plaintiff Gardiner pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Gardiner demands trial by jury.

        THE GOLD LAW FIRM, P.C.

By: /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. No.:  21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorney for Plaintiff**

DATED:  May 29, 2024

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 5/10/24

_____
DORI GARDINER, PLAINTIFF